**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            Criminal Case No 1:06CR26
LINDA SUTTON, a/k/a
"Baby Girl,"

        Defendant.

## REPORT AND RECOMMENDATION/OPINION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for

purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant,

Linda Sutton, appeared in person and by her counsel, William Pennington, on May 23, 2006. The

Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what

Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty"

to Count Two of the Indictment. The Court then determined that Defendant's plea was pursuant to a

written plea agreement, and asked the Government to summarize the agreement and tender the original

to the Court.

Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct.

The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter

inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge

hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea.

Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article

III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Linda Sutton, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated April 18, 2006, and signed by her on April 21, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government

as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count Two of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and non-binding stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed Count Two of the Indictment in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant

as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate

Judge determined Defendant understood the nature of the charge pending against her; understood that

the possible statutory maximum sentence which could be imposed upon her conviction or adjudication

of guilty on the charge contained in Count Two of the Indictment was imprisonment for a period of at

least one (1) and not more than forty (40) years; understood that a fine of not more than $ 2,000,000.00

could be imposed; understood that both imprisonment and fine could be imposed; understood she would

be subject to a term of six (6) years supervised release; understood the Court would impose a special

assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the

Court might require her to pay the costs of her incarceration and supervised release. Defendant also

understood that her actual sentence could not be calculated until after a pre-sentence report was prepared

and a sentencing hearing conducted, and further determined that Defendant was competent to proceed

with the Rule 11 plea hearing.

The undersigned further inquired of Defendant, her counsel, and the government, as to the non-

binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and
> agree that, on or about November 4, 2005, at or near Clarksburg, Harrison County, West
> Virginia, the defendant, aided and abetted by other persons known and unknown to the
> Grand Jury, unlawfully, knowingly and intentionally distributed approximately .24
> grams of cocaine base, also known as "crack," within 1000 feet of the Monticello Avenue
> playground. The parties further stipulate and agree that the defendant's total relevant
> conduct in this case is at least 250 milligrams grams but less than 500 milligrams of
> cocaine base, all of which was distributed within 1000 feet of a protected location.

The undersigned then determined that Defendant understood the Court is not bound by the above

stipulation and is not required to accept same. Defendant further understands and agrees that should the

Court not accept the above stipulation, she will not have the right to withdraw her plea.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding

of the impact of her conditional waiver of her direct and collateral appeal rights as contained in her

4

written plea agreement, and determined she understood those rights and, subject to the conditions set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11. In addition, because Defendant represented she had a hearing deficiency, the undersigned Magistrate Judge, asked her throughout the Rule 11 proceeding if she had been able to hear and understand what had been said.

The undersigned then reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting other persons in unlawfully, knowingly, and intentionally distributing approximately .24 grams of cocaine base, also known as "crack," within 1000 feet of Monticello Avenue playground; in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) and 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Brian Purkey and Defendant's under-oath allocution as to why she believed she was guilty of the crime charged in Count Two of the Indictment. Brian Purkey testified that he is a sergeant with the City of Bridgeport Police Department, currently assigned as the coordinator of the Harrison/Lewis County Drug and Violent Crime Task Force. He was involved in an investigation of Defendant and her co-defendant Ronald Lett in the fall of 2005. On November 4, 2005, he utilized a confidential informant ("CI") to make a purchase of crack cocaine from Defendant and Lett. Defendant approached the CI outside of the Vets Club in Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia. Defendant asked the CI if he was looking for crack cocaine, and the CI told her he was. Defendant went inside the Vets Club and came back out with Lett and an unidentified black male. Lett asked the CI how much crack he wanted, and the CI told him he wanted $60.00. Defendant added $20.00, for a total of $80.00, and gave the money to Lett. Lett went back into the bar with the other male. Lett came back out with two pieces of crack

cocaine. Defendant took one and the CI took the other. The drugs purchased by the CI were turned over to the West Virginia State Police Crime Laboratory, where they were determined to be .24 grams of crack cocaine. The controlled buy was recorded by both audio and video methods. Sgt. Purkey testified that the controlled buy took place within 1000 feet of the Monticello Avenue playground, which contains at least three separate apparatuses.

Thereupon, Defendant, with the consent of her counsel, William Pennington, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

Defendant then testified she believed she was guilty of the crime charged in Count II of the indictment because she did what Sgt. Purkey testified to. She met the CI, went into the bar, came back out with crack cocaine, and gave it to the CI. She further testified that she believed the Government had sufficient evidence it could introduce at a trial which would convince a reasonable jury that she was guilty of the felony charge contained in the Count II of the indictment.

From the testimony of Sgt. Purkey, the undersigned Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of the offense. This conclusion is supported by Defendant's allocution and the stipulation of the parties.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Two of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult

probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 25th, day of May, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE